James B. Littlefield,
    Receiver,
        vs.                    Eq. No. 7339
Endivory Corporation
        et al

August 2, 1926
RESCRIPT

BAKER, J.  Final hearing.

This bill is brought by the receiver of the India Ivory Company, a corporation, against several respondents and the primary relief sought is that a certain sheriff's sale of the personal property of the India Ivory Company, held May 15, 1925, be set aside and that the respondent the Endivory Corporation be ordered to transfer the personal property in question to the complainant as receiver of the India Ivory Company.

The ground for relief set out in the bill is that the sale was brought about through the fraud of the respondents, and that it was for the purpose of defrauding the creditors of the India Ivory Company.

It is, of course, well settled that fraud having been alleged as the basis of the bill it is necessary for the complainant to prove it by a fair preponderance of the evidence before he is entitled to the relief prayed for.

There is little dispute as to the facts of the case.  It appears that the India Ivory Company conducted a business in celluloid novelties in the City of Providence.  On May 2, 1925, the respondent Morris A. Toath attached the stock, fixtures and personal property of the India Ivory Company for an alleged indebtedness of $300, being the balance due on a note, and a keeper was placed in charge of the property.  Soon thereafter at least two other attachments were placed upon the property.  Mr. Toath's writ was returnable to the District Court of the Sixth Judicial District on the 13th of May, 1925.  On May 12th Mr. Toath petitioned the District Court that he be allowed to sell the attached property on the ground that said property was liable to perish and waste and could not be kept without great and disproportionate expense.  The service of the citation on this petition was acknowledged by the India Ivory Company, by its attorney, on the 12th day of May.  The District Court granted the petition and ordered the sale to be held at public auction on the 15th day of May, advertisement of the same being made on the 13th and 14th days of May in a newspaper in Providence.  The attached property in question was sold by the sheriff on May 15th for the sum of $800, being bought by one Jozef Adels, who came from Yonkers, N. Y., and who was the father-in-law of Mr. Zitowitz, one of the men interested in the India Ivory Company.  Immediately following the sale a receiver was appointed for the India Ivory Company.  About two weeks thereafter, the respondent Endivory Corporation, was organized, several of the men interested in the India Ivory Company being incorporators.  At least a portion, if not all, of the property purchased by Mr. Adels at the sheriff's sale was transferred to the new corporation, the Endivory Corporation, which is now apparently doing business at the same premises and with at least a portion of the goods and machinery of the India Ivory Company.

It is clear from the testimony that when the complainant filed his bill he was under the impression that the claim of Mr. Toath, by virtue of which the attachment was made and the sale in question was held, was not a valid and legitimate claim against the India Ivory Company but was fraudulent and that there was collusion between Mr. Toath and the other respondents.  Mr. Toath was represented by an entirely different counsel from that representing the India Ivory Company or the other respondents.  It is clear from the testimony produced at the hearing that Mr.

Toath's claim was proper and that the India Ivory Company owed him the money in question and that he was justified under the circumstances, if he saw fit, in bringing suit against the India Ivory Company and attaching its goods. Further, there is no evidence whatever which shows any collusion between Mr. Toath and the other respondents in connection with the beginning of the suit. In fact, the testimony proves directly the contrary. The complainant is therefore unable to prove any fraud in connection with the attachment. He does, however, urge that the testimony shows facts which make the transaction suspicious and which would authorize the Court in granting the relief he asks for. In this connection he calls attention to the fact that the amount of fire insurance carried on the goods and machinery sold was $15,500, whereas the property brought at the sale $800, and he claims that this amount was inadequate consideration for what was sold. He also urges that the fact that a new corporation was organized soon after the sheriff's sale, in which several of the persons interested in the old corporation became incorporators and are actively interest now in the business and that this new corporation took over from Mr. Adels, the purchaser and father-in-law of Mr. Zitowitz, the greater part of the property bought at the sale, tends to show that the whole proceeding is part of a scheme to defraud the creditors of the India Ivory Company. The complainant also calls attention to the fact that the minute book of the corporation is missing and to the testimony of Mr. Greengus in regard to the meeting of the stockholders and the date of the petition asking for the appointment of a receiver of the India Ivory Company, and to the fact that such receiver was not appointed until after the sheriff's sale, as throwing further suspicion on the bona fides of the transaction, and, finally, the complainant contends that the haste with which the matter was put through also raises a question as to the good faith of the parties.

The complainant argues that the Court, from all the facts, should at least find fraud in law sufficient to grant the relief even if fraud in fact is not proved, although he contends the testimony supports him in this. It would seem from the decisions in this State that fraud in law, if established from the circumstances, is enough to support the bill.

The respondents urge with considerable force that the testimony shows clearly that there was nothing illegal about the proceedings in question. They call attention to the fact that there were other attachments on the property following the Toath attachment; that the bill before the Court was brought by the complainant without due consideration and without proper examination into the facts and is based merely on suspicion, and that there is in the case no evidence whatever of any fraud on the part of the respondents either in fact or in law. They urge that Mr. Toath's claim was honest; that there was no collusion of any kind between the parties; that all the acts leading up to the sale were regular and proper and done according to law, and that the price received was not inadequate.

A careful examination of the evidence leads the Court to believe, and the Court finds, that Mr. Toath's claim was legitimate and he was justified in placing an attachment upon the property of the India Ivory Company. It appears to the Court that the acts leading up to the sheriff's sale which followed were regular and proper. Mr. Toath, acting through his attorney, if he saw fit and if he believed that the maintaining of a keeper on the premises was a dispro-

portionate expense to the amount of the goods attached and to the size of his claim, had a right to ask the District Court to be allowed to sell the goods, and that Court, after passing upon the petition and exercising its judgment and discretion, had the right and power to grant the petition, as was done in this case, and it would seem that this court should not question this action of the District Court, it being within the discretion of said Court, unless it is clear that said discretion was in some way abused, and no such fact appears here. It might, perhaps, have been better if a slightly longer time had elapsed before the sale was held, but the Court does not feel that it can set aside the sheriff's sale merely on that ground. The fixing of the time of the sale was under the statute a matter for the District Court to determine within its sound discretion. It appears clearly from the testimony that the sale was a public auction sale conducted by the sheriff, and that there were present at least twenty or twenty-five persons, several of whom made bids for the property being sold. The creditors of the India Ivory Company were free to bid at this sale if they so desired.

A consideration of the evidence, in the judgment of the Court, does not establish the fact that an inadequate price was obtained. The evidence would seem to show that the stock was carried on the books of the company at cost, or at least at a rather high valuation. The complainant presented no appraisal of the property sold and no testimony which would materially aid the Court in determining its value. It would appear from the testimony of one of the respondents that, while there was some stock on hand, the goods were largely tools and ides for making novelties, the value of which at an auction sale was very problematical, but that the cost of obtaining such tools originally

would be quite high. There was testimony which showed that a patent which was carried in the books at several thousand dollars was valueless. At any event, it would not seem that mere inadequacy of price alone if proved, would be sufficient to set the sale aside. There is nothing to show that, if the relief should be granted, the receiver would obtain more at an auction sale than the sheriff did. It is true that apparently the amount of insurance carried was very high. Celluloid is, of course, highly inflammable. The court feels that the amount of insurance is not necessarily a very accurate index of value. It is well known that parties may obtain insurance for almost any amount they desire.

Finally, in the judgment of the court, the fact that a new corporation was organized which contains some of the same individuals as the old corporation and which took over part of the property of the old corporation would not warrant the court in granting the relief asked for. It should be noted that in organizing this new corporation apparently the respondents acted openly and made no attempt to in any way conceal the fact that reorganization of the business was in progress.

After carefully considering the whole matter, the court finds that the complainant has not proved by a fair preponderance of the evidence that the respondents have been guilty of any fraud either in fact or in law. The complainant's testimony, considered at its strongest, in the opinion of the court merely raises certain suspicions and questions in regard to the transaction which are not of sufficient substance to warrant the granting of the relief.

A large number of issues of fact have been framed about many of which there is no question. The court believes that its findings above made answer those issues which are mate-

rial and disputed.

The prayer of the bill is denied and the bill is dismissed.

For Complainant: Curtis, Matteson, Boss & Letts.

For respondents: Sol S. Bromson.